**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN MAZARIEGOS ZACARIAS, | No. 07-70978 |
| Petitioner, | Agency No. A078-925-909 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Melvin Mazariegos Zacarias, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny the petition for review.

Zacarias contends he suffered harm from gang members during two assaults on account of his actual or imputed political opinion.  Substantial evidence supports the IJ's finding that the gang intended to recruit him, and thus Zacarias failed to establish the required nexus to a protected ground.  *See id.* at 747 ("resistance to a gang's recruitment efforts alone [does not] constitute[ ] political opinion").  Accordingly, Zacarias' asylum and withholding of removal claims fail. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence supports the IJ's finding that Zacarias did not establish a likelihood of torture upon return to Guatemala.  *See Santos-Lemus,* 542 F.3d at 748.  Accordingly, his CAT claim also fails.

Zacarias' contention that the BIA failed to consider the evidence fails because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**